**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUAN YANES-QUIJADA,

      Petitioner,

      v.

RUBEN LEYVA, *et al.*,

      Respondents.

Case No. 2:26-cv-01221-RFB-NJK

**ORDER GRANTING LEAVE TO FILE AMENDED PETITION AND ORDER TO SHOW CAUSE**

Petitioner Juan Yanes-Quijada, an immigration detainee, has filed a (ECF No. 10) Motion for Leave to File First Amended Petition pursuant to 28 U.S.C. § 2241 and (ECF No. 11) Motion for Temporary Restraining Order ("TRO"). He attests he was arrested and is being unlawfully detained by Immigration and Customs Enforcement ("ICE") with no lawful basis, in violation of the Due Process Clause of the Fifth Amendment.

Good cause being found, **IT IS HEREBY ORDERED** Petitioner's Motion to Amend Petition for Writ of Habeas Corpus is **GRANTED**. See Mayle v. Felix, 545 U.S. 644, 654 (2005) (citations omitted) (clarifying that Federal Rule of Civil Procedure 15 may be applied to habeas proceedings); see also Fed. R. Civ. P. 15(a)(2) (allowing parties to amend pleadings with leave of court). The First Amended Petition (hereinafter "Petition") will serve as the operative petition in this case moving forward.

Based on its preliminary review of the Petition, **IT IS FURTHER ORDERED** Respondents are **ORDERED TO SHOW CAUSE** why a writ of habeas corpus should not be granted. See 28 U.S.C. § 2243 ("A court... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing [respondents] to show cause why the writ should not be granted [unless it is clearly frivolous]."). Respondents must file "a return certifying

the true cause of detention" on or before **May 8, 2026**. See id. Petitioner may file a traverse on or before **May 12, 2026**.

The Court has also reviewed the (ECF No. 11) Motion for TRO and finds expedited consideration is warranted. Therefore**, IT IS HEREBY ORDERED** that Federal Respondents must **SHOW CAUSE** why this Court should not order Petitioner's **IMMEDIATE RELEASE** from detention pending adjudication of the First Amended Petition, as requested in the Motion for TRO. Federal Respondents shall file their response on or before **May 6, 2026**.

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the First Amended Petition and/or Motion for TRO. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). **IT IS THEREFORE ORDERED** Federal Respondents must file any of the following documents relevant to the lawfulness of Petitioner's detention that are in their possession, custody, or control, with their **Response to the (ECF No. 10) Motion for TRO**: (1) I-220A Order of Release on Recognizance; (2) I-200 Warrant for Arrest of Alien; (3) Form I-286 Initial Custody Determination; (4) Form I-862 Notice to Appear; (5) Form I-213 Record of Deportable or Inadmissible Alien; (6) all immigration court orders in Petitioner's removal proceedings; (7) documents reflecting any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (8) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents **MUST CERTIFY** in their Return that after conducting a diligent search, they have determined that any of the above-described records are not

in their possession, custody, or control.

**IT IS FURTHER ORDERED** that the parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the court, unless the court orders otherwise. See Local Rule IC 6-1; Federal Rule of Civil Procedure 5.2.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

In order to preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not remove or transfer Petitioner from this judicial district, pending further order of the Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over his claims and with the Court's ability to expeditiously resolve the Motion for TRO and Petition. The Court thus finds this Order is

warranted to maintain the *status quo* pending this Court's review of the Petition.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1.  **FILE** the First Amended Petition (ECF No. 10-1) and **AMEND the docket and case caption** to reflect the Petitioner's name and the Respondents as they appear in the First Amended Petition.

2.  **ADD** Counsel for Respondent John Mattos at ahesman@strucklove.com to the docket. Then, **SEND** them a copy of the Amended Petition (ECF No. 10-1), Motion (ECF No. 11), and this Order through CM/ECF.

3.  **MAIL** a copy of the Amended Petition (ECF No. 1), Motion (ECF No. 11), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

**DATED:** May 5, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**